NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation,<br><br>           Plaintiff,<br><br>   v.<br><br>DERMAMED SOLUTIONS, LLC, and DOES 1 through 10,<br><br>           Defendants. | CASE NO. CV 17-880-R<br><br>ORDER DENYING PLAINTIFF ALTAIR INSTRUMENTS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE VALIDITY OF THE '739 PATENT |

Before the Court is Plaintiff's Motion for Partial Summary Judgment, which was filed on June 22, 2017. (Dkt. No. 24). Having been thoroughly briefed by both parties, this Court took the matter under submission on August 2, 2017.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). To meet its burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000). Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely

1  on mere allegations or denials in the pleadings.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

2  *Corp.*, 475 U.S. 574 (1986).  Where the record taken as a whole could not lead a rational trier of

3  fact to find for the non-moving party, there is no genuine issue for trial.  *Id*.

4        The instant litigation concerns Plaintiff's United States patent no. 6,241,739, entitled

5  "Microdermabrasion Device and Method of Treating the Skin Surface" (the "'739 patent").  The

6  '739 patent discloses a device and method for performing microdermabrasion.  Plaintiff alleges

7  that Defendant manufactures microdermabrasion devices, including the "MegaPeel Ex", (the

8  "Accused Devices"), which infringe the '739 patent.

9        With its Motion, Plaintiff seeks partial summary judgment on the issue of validity of the

10  '739 patent.  A patent is presumed valid.  *Schumer v. Lab. Computer Sys.*, 308 F.3d 1304, 1315

11  (Fed. Cir. 2002).  "To overcome this presumption of validity, the party challenging a patent must

12  prove facts supporting a determination of invalidity by clear and convincing evidence."  *Id*.

13        The Court denies Plaintiff's Motion because it is premature.  Here, Plaintiff filed its

14  Motion more than four months before the close of discovery, which is set for October 30, 2017.

15  As Plaintiff itself points out, while Plaintiff, as the moving party, bears the initial responsibility of

16  informing this Court of the basis for its Motion, the burden falls on Defendant, as the party

17  challenging the validity of the patent, to prove by clear and convincing evidence that the '739

18  patent is invalid.  Given this, it would be unjust for the Court to make a ruling on the merits before

19  Defendant's investigation is even complete.  Defendant states that its investigation into validity is

20  still ongoing, and it has already identified three separate patents which it contends may be relevant

21  prior art in determining the validity of the '739 patent.

22        The Court emphasizes that its decision is not based on the merits of the parties' arguments

23  on this issue.  Rather, the Court's decision is based only on its determination that Plaintiff has

24  prematurely filed its Motion.

25  / / /

26  / / /

27  / / /

28  / / /

1  **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is DENIED.
2  (Dkt. No. 24).
3  Dated: August 8, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE